UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY V. RANDALL, SR.,<br><br>Plaintiff,<br><br>v.<br><br>NICK PARODI; KACY JONES, also known as KACI JONES; HILLARY BRYANT; LYNN GOERR; and FULCRUM REAL ESTATE SERVICES, INC.,<br><br>Defendants. | CASE NO. C17-5425 RJB<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING CASE WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiff's October 26, 2017 pleading entitled "Combined Joint Status Report." Dkt. 14. The Court has considered the pleading and remaining file, and is fully advised.

On June 5, 2017, Plaintiff Roy Randal filed, *pro se*, a civil action against the individually named Defendants: Nick Parodi, Kacy Jones, Hillary Bryant, and Lynn Goerr. Dkt. 1-1. Plaintiff also filed an application to proceed *in forma pauperis,* ("IFP"), which was granted. Dkts. 1 and 4. On August 3, 2017, this case was consolidated with *Randal v. Fulcrum Real Estate Services, Inc*., Western District of Washington case number 17-5570 RJB. Dkt. 8.

I. **FACTS AND FURTHER PROCEDURAL HISTORY**

A. **FACTUAL ALLEGATIONS IN THE COMPLAINT**

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL AND
DISMISSING CASE WITHOUT PREJUDICE- 1

Plaintiff's complaint alleges that since April of 2015, he requested the "reasonable accommodation" of "unfettered access" to get his bicycle to his basement apartment. Dkt. 5, at 2. He states that he had that access in his third floor apartment. *Id.* Plaintiff alleges that "the only accommodation that would allow unfettered access is a key to the elevator allowing access to the basement apartment." *Id.* Plaintiff states that each of the Defendants have "refused [his] reasonable accommodations." *Id.* Plaintiff's complaint references "Title VIII of the Civil Rights Act of 1968," § "8046" and "80463B." *Id.* As relief, Plaintiff states that he seeks: (1) a key to the elevator, (2) pain and suffering for having to carry his belongings by hand because he did not have access to his bike, (3) "appropriate punishment for denial of [his] reasonable accommodation for the two years plus," (4) Defendants cease all efforts to evict him, and (5) training for Defendants. *Id.*

**B. FURTHER PROCEDURAL HISTORY**

On July 10, 2016, the Court issued a Minute Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. Dkt. 7. In that order, the Court directed that the parties file a Combined Joint Status Report and Discovery Plan ("Joint Status Report") not later than October 10, 2017, pursuant to Fed. R. Civ. P. 16 and Local Fed. R. Civ. P. 16 (a). *Id.* The Court further directed that Plaintiff serve copies of the order on all parties who appeared after the order was filed. *Id.* The Court directed that Plaintiff would be responsible for starting the communications needed to comply with the minute order. *Id.*

None of the Defendants have appeared and there is no evidence in the record that they have been served with a summons and complaint. No Joint Status Report has been filed.

On October 11, 2017, Plaintiff was ordered to either file a Combined Joint Status Report and Discovery Plan or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 16 (f)(1) and 37 (b)(2)(A)(v). Dkt. 10.

On October 26, 2017, Plaintiff filed the instant pleading. Dkt. 14. It is not signed by any of the Defendants. *Id.* In this October 26, 2017 pleading, Plaintiff moves for appointment of counsel. *Id.* He also again asserts that he was not given a "reasonable accommodation" of being allowed to use the elevator to get his bike into his basement apartment. *Id.* He complains that he is no longer permitted on the property. *Id.*

## II. DISCUSSION

### APPOINTMENT OF COUNSEL

Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant…." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981). Further, under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Plaintiff's motion for appointment of counsel (Dkt. 14) should be denied. While Plaintiff does not appear to be able to afford counsel, he has not shown that his claims have

merit, or shown a likelihood of success on the merits. Further, the Plaintiff appears to be able to articulate his claims adequately in light of the legal issues involved. The circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances. The request for appointment of counsel (Dkt. 14) should be denied.

**FAILURE TO FILE JOINT STATUS REPORT**

Fed. R. Civ. P. 16 (f)(1) provides that the court, on motion or on its own, may issue "any just orders including those authorized by Fed. R. Civ. P. 37 (b)(2)(A)(ii)-(vii)" if a party "fails to obey a scheduling or other pretrial order." Under Fed. R. Civ. P. 37 (b)(2)(A)(v), the court may dismiss an action or proceeding in whole or in part for failure to obey a court order.

It is Plaintiff's responsibility to initiate communications needed to comply with the Court's orders requiring a Combined Joint Status Report and Discovery Plan, and he has not shown that he has done so. Plaintiff was given an opportunity to either file a Combined Joint Status Report and Discovery Plan or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 16 (f)(1) and 37 (b)(2)(A)(v). He did not file a joint plan with Defendants or demonstrate that the case should not be dismissed without prejudice. Accordingly, this case should be dismissed without prejudice under Fed. R. Civ. P. 16 (f)(1) and 37 (b)(2)(A)(v) for failing to obey a court order.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's motion for appointment of counsel (Dkt. 14) **IS DENIED**; and
- This case **IS DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16 (f)(1) and 37 (b)(2)(A)(v).

| | |
|---|---|
| 1 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and |
| 2 | to any party appearing *pro se* at said party's last known address. |
| 3 | Dated this 31st day of October, 2017. |

*[Signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge